WALLACE, Circuit Judge,
concurring and dissenting:
I agree with my colleagues (1) that the district court correctly applied California’s choice of law principles to determine that the contract’s Indiana choice of law provision was enforceable; (2) that all of Bo-raeehia’s claims accrued in 1995 when Biomet’s letter terminating the contract was received; and (3) that summary judgment as to Boracchia’s California state statutory claims was proper. I must respectfully dissent from one part of the disposition, however, because I believe that Boracchia waived any argument regarding the applicability of the UCC to his breach of contract claim.
Our circuit will not consider an argument on appeal unless it was “raised sufficiently for the trial court to rule on it.” See Cornhusker Cas. Ins. Co. v. Kachman, 553 F.3d 1187, 1191-92 (9th Cir.2009); In re E.R. Fegert, 887 F.2d 955, 957 (9th Cir.1989). I do not believe that this standard was met here. Boracchia admits that this argument was not raised in his summary judgment papers, but argues that he sufficiently raised it in oral argument. However, the oral argument transcript shows that his lawyer asserted it only in the form of a conclusory comment that the UCC should not apply because this was not a contract for the sale of goods. The lawyer did not even spell out that the crux of this argument was the lack of transfer of title; the lawyer only tangentially alluded to such reasoning by saying that “distributorship” was a misnomer and there was no sale of goods. There was only a paucity of facts cited in support of this new argument during the hearing. There was an oblique referral to some deposition testimony, but without a specific citation, so that the district court would have had to scour the deposition transcript to find to what Boracchia was referring, and then infer that the crux of the new argument was the lack of transfer of title.
Added to this unimpressive and faulty attempt to “raise” the issue at oral argument was, as the district judge pointed out, that until then, neither Biomet nor the district court had had any reason to believe that applicability of the UCC was in question. It certainly was well within the district judge’s discretion to treat the issue as waived, as pointed out in our well written decision of Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1030 (9th Cir.2001), and I believe that he did so here.
The district court’s opinion could be considered somewhat ambiguous as to whether the district judge treated the argument as waived or whether it was rejected on its merits, when the court stated that the “new” argument was “not well taken” and then went on to apply the UCC. However, the meaning of the opinion becomes clear when it is taken together with the transcript of his decision at the oral argument. In response to a specific objection by Biomet that the issue was not properly raised, the district judge closed the hearing with a sound and emphatic explanation of why “new arguments at the very last minute are not properly to be considered.” [ER 32-33.] With that, we know what the district judge later meant by “not well taken.” The district judge also did not order any supplemental briefs, as might have been expected if he planned to reach the issue on the merits in his summary judgment decision (particularly because Biomet had no opportunity to address the issue in its papers).
In short, the argument was insufficiently raised in the district court, and based on the summary judgment opinion and his ruling in the transcript, I conclude that the district judge deemed it waived. Thus, I would affirm summary judgment for Biom- *273 et as to the breach of contract claims, on the ground that those claims were untimely under the Indiana UCC’s four-year statute of limitations.